UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO JAVIER BRACHO MORAN,<br><br>Petitioner,<br><br>v.<br><br>ACTING FIELD OFFICE DIRECTOR OF THE SAN DIEGO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ET AL.,<br><br>Respondents. | Case No. 26-cv-03775<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Dkt. No. 1 |

Petitioner Ricardo Javier Bracho Moran filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241, requesting immediate release or a bond hearing. (Dkt. No. 1 ("Petition").) As averred in the Petition, and as Respondents do not dispute, Petitioner, a citizen of Venezuela, entered the United States in 2021. (*Id.* ¶¶ 7, 13.) The Department of Homeland Security arrested Petitioner upon his entry but later released him on parole. (*Id.* ¶ 14; Dkt. No. 5 at 1.) That parole necessarily reflected a determination that Petitioner posed neither a flight risk nor a danger to the community. *See Chang v. Mullin*, No. 26-cv-02218-JLS, 2026 WL 1045679, at \*2 (S.D. Cal. Apr. 17, 2026). He has a valid employment authorization document and a pending application for asylum and withholding of removal. (Petition ¶¶ 15, 18.) He has no criminal record, has complied with reporting requirements, and has no prior orders of removal. (*Id.* ¶ 23.) After a traffic stop near Lakeland, Florida on May 29, 2026, Immigration and Customs Enforcement arrested Petitioner. (*Id.* ¶ 21.) He remains in immigration detention. (*Id.* ¶ 22.) Petitioner is detained under 28 U.S.C. § 1225(b)(2), presumably in reliance on *Matter of*

1

*Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  (*Id.* ¶ 42; Dkt. No. 5 at 1.)  He asserts that he cannot be detained under Section 1225(b)(2) and that his detention violates his Fifth Amendment right to procedural due process.  For the reasons stated below, the Petition is **GRANTED**.

Petitioner's procedural due process challenge is governed by the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976).  *See Faizi v. LaRose*, No. 25-cv-02974-JO, 2026 WL 1112035, at *4 (S.D. Cal. Apr. 24, 2026).  In responding to the Petition, Respondents argue only that "Petitioner is subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)."  (Dkt. No. 5 at 1.)  Section 1225(b)(2) authorizes mandatory detention "in the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted."  *See* 8 U.S.C. § 1225(b)(2)(A).  This provision does not apply to Petitioner because, at the time of his detention, "he was not at the border or a Port of Entry seeking admission to the United States" and had been living in the country for over five years.  *Martinez Zayas v. Gordon*, No. 26-cv-00237-BAS, 2026 WL 266275, at *3 (S.D. Cal. Jan. 30, 2026); *see also Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 936–37 (N.D. Cal. 2025).[1]  Thus, the *Mathews* factors weigh in favor of finding that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.  *See, e.g.*, *Lozano Castano v. LaRose*, No. 26-cv-01747-RBM, 2026 WL 1194854, at *2–3 (S.D. Cal. May 1, 2026).  Respondents acknowledge that previous decisions from other judges of this Court have granted petitions for a writ of habeas corpus on similar facts, "and on that basis the government does not oppose the petition and defers to the Court on the appropriate relief."  (*See* Dkt. No. 5 at 2.)

"When a district court grants a writ of habeas corpus it may dispose of the matter as law and justice require.  To ensure that Petitioner's release pursuant to the Court's . . . order is not

---

[1] There is a circuit split on the meaning of "seeking admission" under Section 1225(b)(2), which the Ninth Circuit has not yet addressed, and the undersigned is of the view that "seeking admission" does not refer to individuals like Petitioner who, at the time of their detention, were not arriving and seeking entry to the country and had been living here for years.  *See Ibanez Daza v. Albarran*, No. 25-cv-10214-RFL, 2026 WL 1906353, at *2 (N.D. Cal. July 2, 2026).

rendered meaningless, it is necessary to enjoin the government from simply re-detaining Petitioner in the same manner.  As a result, the relief ordered below falls within the core of habeas." *Alva Alva v. Kaiser*, No. 25-cv-06676-RFL, 2026 WL 1910135, at *2 (N.D. Cal. July 2, 2026) (citations and quotation marks omitted).  The Court, therefore, **ORDERS** as follows:

- Respondents shall provide Petitioner with the following options: (1) immediate release in this District, no later than **24 hours** after the filing of this Order; or (2) release in or near Lakeland, Florida (the location of the detention at issue) by **July 9, 2026**.  Respondents shall also return all property that had been seized from him.  The release shall be on the same terms and conditions as Petitioner's initial release in 2021.

- Respondents shall not re-detain Petitioner:  (1) without notice and a pre-deprivation hearing before a neutral decisionmaker in which an individualized determination is made that he poses a flight risk or danger to public safety such that he must be detained; or (2) in the absence of a material change in circumstances justifying his detention.

Petitioner also requests an award of attorneys' fees.  The Court will consider an application for reasonable fees that is filed within 30 days of the entry of judgment.  Accordingly, the request for attorneys' fees is **DENIED WITHOUT PREJUDICE**.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

Dated: July 6, 2026

RITA F. LIN
United States District Judge

3